UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TIFFANY SELBY, IRINA VORONINA, and JOANNA KRUPA,

                Plaintiffs,

- against -

109 RESTAURANT CORP., d/b/a CAFÉ ROYALE and JOHN DOXEY,

                Defendants.

Case No. 15-cv-5880 (LDW)(AKT)

**DECLARATION IN SUPPORT OF MOTION FOR DEFAULT**

      **JOHN V. GOLASZEWSKI**, hereby declares the following pursuant to 28 U.S.C. § 1746 and under the penalties of perjury:

      1.    I am a member of the Casas Law Firm, P.C., counsel for plaintiffs TIFFANY SELBY, IRINA VORONINA, and JOANNA KRUPA (collectively, "Plaintiffs"). I respectfully submit this Declaration in support of Plaintiffs' motion for a default judgment against defendants 109 RESTAURANT CORP., d/b/a CAFÉ ROYALE and JOHN DOXEY (collectively, "Defendants"), on the grounds that Defendants have failed to answer or otherwise defend against the Complaint in this action.

      2.    This action was commenced on or about October 13, 2015 by Plaintiffs' filing of their Complaint. (Dkt. 1). A true and correct copy of Plaintiffs' Complaint is annexed hereto as Exhibit A.

      3.    As detailed in Plaintiffs' Complaint, Defendants are indebted to Plaintiffs for their misappropriation of certain sexually suggestive images, photos and likeness (collectively, "Images") of Plaintiffs, who are each well known professional models, in order to promote Defendants' strip club, Café Royale, located in Farmingdale, New York.

4. After misappropriating Plaintiffs' Images, Defendants then altered them, and published them on Café Royale social media accounts and/or its website in order to attract patrons to Café Royale, and thus benefit commercially from their misappropriation.

5. As likewise set forth in the Complaint, Defendants' misappropriation, alteration and publication of Plaintiffs' Images constitute, at minimum: 1) violation of section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1), which prohibits false or misleading use of a person's image for purposes of advertising; 2) violation of New York Civil Rights Law §§ 50-51, which protects a person's right to privacy and publicity; 3) violation of New York's Deceptive Trade Practices Act (New York G.B.L. §349) which prohibits deceptive business practices; 4) defamation, and; 5) various common law torts, including negligence and *respondeat superior*, conversion, unjust enrichment, and quantum meruit.

6. In addition, Plaintiffs likewise seek an order permanently enjoining Defendants from using Plaintiffs' Images to promote Café Royale, for punitive damages, for costs and fees incurred by Plaintiffs in the prosecution of this action, and for such other and further relief as the Court may deem just and proper.

7. On or about December 4, 2015 the Complaint was properly served on 109 Restaurant Corp. and Mr. Doxey. True and correct copies of the Affidavits of Service (Dkt. 8) are annexed hereto as Exhibit B. Defendants were obligated to answer, move, or otherwise respond to the Complaint on or before December 25, 2015.

8. The time for Defendants to answer or otherwise move with respect to the Complain having expired, and said time to answer or otherwise move having not been extended, on or about April 12, 2016, Plaintiffs' requested Certificates of Default from the Clerk of Court for the Eastern District of New York. (Dkt. 11).

9. On April 29, 2016, the Clerk of the Eastern District of New York issued Certificates of Default of both 109 Restaurant and Doxey. (Dkt. 12). True and correct copies of Defendants' Certificates of Default are annexed hereto as Exhibit C.

10. Plaintiffs have retained Stephen Chamberlin to prepare a Preliminary Expert Report Regarding Image Infringement by 109 Restaurant Corporation, doing business as Café Royale and John Doxey (the "Expert Report"). A true and correct copy of Mr. Chamberlin's Expert Report, which includes details concerning his qualifications, and his curriculum vitae, is annexed hereto as Exhibit D.

11. As set forth on Mr. Chamberlin's Expert Report:

> After a thorough review of the images, and after consideration of a host of factors outlined in this preliminary report, it is my expert opinion that each Model as sustained quantifiable harm and injury as a result or [Café] Royale conduct in regard to the use of these images and that the value of all presently known image infringements totals $**460,000** in compensatory, or *actual*, damages.

(Expert Report at 2) (emphasis in original).

12. Defendants 109 Restaurant and Doxey are indebted to Plaintiffs Tiffany Selby, Irina Voronina, and Joanna Krupa for the misappropriation of their Images, in the following manner, as set forth on the Expert Report:

  a. Irina Voronina, in the amount of $120,000.

  b. Joanna Krupa, in the amount of $300,000.

  c. Tiffany Selby, in the amount of $40,000.

(Expert Report at 5).

13. In accordance with Eastern District of New York Local Rule 55.2(b)(3), annexed hereto as Exhibit E is a proposed form of default judgment for 109 Restaurant and Doxey.

**WHEREFORE**, Plaintiffs Irinia Voronina, Joanna Krupa, and Tiffany Selby respectfully request that a default judgment in the amount of Four Hundred and Sixty Thousand Dollars ($460,000.00), plus costs and disbursements, be entered in favor of Plaintiffs Irinia Voronina, Joanna Krupa, and Tiffany Selby, and against Defendants 109 Restaurant Corp. and John Doxey.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief, that the relief requested is justly due Plaintiffs, that no part thereof has been paid, and that the disbursements sought to be taxed have been made in this action or will necessarily be made or included in this action.

Dated: New York, New York
      May 19, 2016

                                        /s/ John V. Golaszewski
                                        John V. Golaszewski